UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANNDELL R. LAWRENCE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-102 SNLJ |
| | ) |
| LARESHA REED, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This closed case is before the Court upon self-represented Plaintiff Anndell Lawrence's two, duplicate[1] Motions for Leave to File an Amended Complaint.  ECF Nos. 16 & 19.  On October 26, 2022, the Court granted Plaintiff *in forma pauperis* status and reviewed his § 1983 complaint under 28 U.S.C. § 1915.  ECF No. 7.  Based on that review, the Court ordered Plaintiff to file an amended complaint, in an attempt to cure his pleadings deficiencies.  *Id.*  After granting Plaintiff an extension of time, Plaintiff filed his amended complaint on January 6, 2023.  ECF No. 11.  On February 14, 2023, the Court reviewed the amended complaint under 28 U.S.C. § 1915 and dismissed the case for failure to state a claim upon which relief may be granted.  ECF Nos. 13-14. Now, Plaintiff seeks leave to file a second amended complaint in this closed matter.  ECF Nos. 16 & 19.  As discussed below, the Court finds that it would be futile to reopen this case because Plaintiff's proposed second amended complaint also fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915.  Therefore, Plaintiff's motions will be denied.

---

[1] Except for one of these motions containing a certificate of service page (ECF No. 19 at 2), these motions appear to be identical.  Both motions are dated March 13, 2023; they contain the same facts and arguments; and they both include the same one-page exhibit.  As such, the Court will summarize Plaintiff's arguments with reference to page numbers in the later-filed motion.

## Background

Although Plaintiff is currently confined at South Central Correctional Center, the allegations at issue in this case involve an incident that occurred while Plaintiff was confined at Southeast Correctional Center ("SECC") in Charleston, Missouri.  Plaintiff brought this action under 42 U.S.C. § 1983, alleging violations of his civil rights against defendants identified as Missouri Department of Corrections ("MDOC") employees, working at SECC.  Plaintiff was attacked by a fellow inmate at SECC in November 2021.  Plaintiff alleged that defendants failed to protect him from the attack, resulting in multiple stab wounds.  Plaintiff further asserted that he received inadequate medical care for his injuries.  After the Court found Plaintiff's initial complaint failed to state a claim, he was directed to file an amended pleading.

Plaintiff's amended complaint named as defendants: SECC; six SECC correctional officers; a nurse; and the contracted healthcare provider for SECC, Centurion Health.  Plaintiff again alleged that defendants failed to protect him from an attack by a fellow inmate, and that after the attack, defendants were deliberately indifferent to his medical care needs.  According to Plaintiff, his attacker was hiding under his bunk when the correctional officers ordered the inmates to the cell doors for handcuffing and transport to showers.  Because the attacker was hiding, the correctional officers did not see him to cuff him.  So, when the cell door was opened, the attacker was able to run out of his cell and stab Plaintiff multiple times.

After careful consideration and liberal construction of the pleadings, the Court found the amended complaint subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  The Court explained that defendant SECC is not a suable defendant under §1983.  Also, the facts alleged against the correctional officer defendants were insufficient to state an Eighth Amendment claim of failure to protect.  In addition, Plaintiff failed to plead a policy, custom, or official action by defendant corporation Centurion Health that injured him.  Finally, Plaintiff's

allegation of a denial or delay in receipt of pain medication by the nurse defendant, did not rise to the level of deliberate indifference. The Court reminded Plaintiff that medical negligence or nonfeasance is not enough to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). For all of these reasons, the case was dismissed on February 14, 2023. ECF Nos. 13-14.

**Motions for Leave and Proposed Second Amended Complaint**

After this case was closed, Plaintiff filed two motions dated March 13, 2023, asking the Court for leave to file another amended complaint. ECF Nos. 16 & 19. Plaintiff states that he "has just learned of the existence of additional facts that merit the assertion of additional theories of relief and justice requires that [he] be given an opportunity to correct the defects in his original complaint, [that was] dismissed by order of this Court." ECF No. 19 at 1. Plaintiff attached to his motion a proposed second amended complaint. ECF No. 19-1.

The proposed second amended complaint is brought under 42 U.S.C. § 1983 against five SECC correctional officers and two Missouri Department of Corrections ("MDOC") employees: Jason Lewis (Deputy Director of the Division of Adult Institutions) and Anne Precythe (Director). *Id.* at 1-3. Plaintiff does not allege any deliberately indifferent medical care claim in this proposed complaint. However, Plaintiff restates his failure-to-protect claim as a "negligent failure to provide adequate training and supervision" that resulted in "deliberate indifference to Plaintiff's safety." *Id.* at 4.

It appears that Plaintiff's "additional facts" – which he alleges merit the reopening of this matter – relate to his discovery of a MDOC Standard Operating Procedure ("SOP") regarding the proper procedure for transport of inmates. According to Plaintiff, the SOP for taking a segregation-unit inmate out of his cell for transport, is to first check the offender identification documents attached to the cell door in order to know the number of inmates housed in that cell. Once the

inmates come to the cell door for handcuffing through the chuckhole before the door is opened, the correctional officer will know if all inmates in that cell are cuffed based on the posted documents.

In this case, Plaintiff alleges that inadequate training and supervision resulted in defendant correctional officers not reading the identification documents outside Plaintiff's attacker's cell door before opening the door. Plaintiff asserts that if correctional officer defendants had followed proper procedure, they would have realized that Plaintiff's attacker was not at the chuckhole for cuffing before they opened the cell door. (He was hiding under his bunk.) Plaintiff argues that because of this failure to follow SOP, his attacker was able to run out and injure him. *Id.* In support of this negligent training claim, Plaintiff cites to Missouri state law and discusses how a negligent failure to train is part of the common law tort of negligence. *Id.* at 7.

As for MDOC Director Precythe, Plaintiff asserts that Precythe is responsible for the correctional officer defendants' training and supervision, and therefore she is liable for the attack on Plaintiff. *Id.* at 6. Defendant Lewis denied one of Plaintiff's institutional grievances filed about this incident, and therefore, Plaintiff argues that Lewis was deliberately indifferent to his safety and security. *Id.*

**Discussion**

I.   **Legal Standards**

a.  **Amendment in a Closed Case**

Under the Federal Rules of Civil Procedure, the Court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, following dismissal, the right to amend a complaint under Fed. R. Civ. P. 15(a) terminates. *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) (internal citation omitted). Leave to amend may still be granted in the Court's discretion, *id.*, but a plaintiff does not enjoy the absolute

or automatic right to amend a deficient complaint. *See U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009). In other words, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823. According to the Eighth Circuit, this Court has "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored." *Id.* at 824.

Furthermore, amendment is properly denied when allowing it would be futile because the proposed amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2). *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a motion to amend for multiple reasons including a finding of futility) (internal citation omitted); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss."). *E.g., Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a plaintiff] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

b. **Review of *In Forma Pauperis* Complaints**

Plaintiff is proceeding *in forma pauperis* in this action. *See* ECF No. 7. Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**II.     Futility of Allowing Amendment Here**

Plaintiff tries to couch his claim as one of negligent failure to train and supervise, with reference to a MDOC procedure, in order to get this case reopened. However, Plaintiff's complaint is brought under 42 U.S.C. § 1983, which requires more than negligence to state a claim of Eighth Amendment deliberate indifference. The legal standard is not the same as what is required for a state-law tort claim. None of Plaintiff's allegations indicate defendants knowingly disregarded an excessive risk to his health or safety. Granting either of Plaintiff's motions to amend would be futile because the proposed second amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2). Plaintiff's motions will be denied.

### A. Defendant Correctional Officers

Plaintiff alleges defendant correctional officers failed to protect him when they did not follow proper MDOC procedure for transport of a segregation-unit inmate. However, as discussed in the Court's prior dismissal order, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). As such, Plaintiff's allegations concerning a failure by defendant correctional officers to follow proper SOP, does not state a constitutional claim that is cognizable under § 1983.

In addition, Plaintiff's allegations against correctional officer defendants indicate no deliberate or callous indifference. *See Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) ("prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety") (internal quotations and citation omitted). Plaintiff does not assert that defendants intentionally failed to check the documents or that they opened the door despite knowing that there was an un-cuffed inmate waiting to attack. Plaintiff admits that the attacker was hiding from defendant correctional officers and the door was negligently opened without checking the number of occupants. *See Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007) ("A prison official cannot be found liable under the Eighth Amendment … unless the official knows of and disregards an excessive risk to inmate health or safety.") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). There is no evidence that defendant correctional officers knew that the attacker was planning to assault Plaintiff, and that they let the attacker out of his cell

uncuffed anyway. Plaintiff's allegations do not state a § 1983 claim against the five named correctional officers in the proposed second amended complaint.

### B. Defendant MDOC Director Precythe

Plaintiff's proposed pleading also attempts to assert a failure-to-train claim against MDOC Director Precythe. Plaintiff alleges that Precythe is responsible for training SECC correctional officers and that she failed in training them on the proper procedure for transport of segregation-unit inmates. According to Plaintiff, this failure resulted in a violation of his rights. However, to demonstrate deliberate indifference for purposes of failure to train, a plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017). Plaintiff presents no evidence or argument concerning a pattern of similar conduct. He does not allege that similar incidents have occurred, due to a lack of training on this specific MDOC transport procedure. Plaintiff's allegations concerning this single incident of negligent failure to follow prison policy is not enough to establish a pattern or practice indicative of a failure to train. Allowing Plaintiff to reopen this case and file his proposed pleading would be futile because he fails to state a claim upon which relief may be granted against MDOC Director Anne Precythe.

### C. Defendant MDOC Deputy Director Lewis

Finally, Plaintiff asserts that Lewis was deliberately indifferent to his health and safety when he denied one of Plaintiff's institutional grievances related to the attack. However, § 1983 requires that a defendant be personally liable for an alleged constitutional violation. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of

his constitutional rights).  As such, simply denying a grievance is not enough to state a § 1983 claim against a person.  *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. ... Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").  Plaintiff's proposed complaint fails to state a § 1983 claim against MDOC Deputy Director Jason Lewis.

**III.**   **Conclusion**

Plaintiff's proposed second amended complaint fails to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).  The factual allegations of the proposed amended complaint are insufficient to state a claim under 42 U.S.C. § 1983 for deliberate indifference or failure to train. Granting Plaintiff's request to reopen this matter and amend his complaint would be futile.  As such, Plaintiff's motions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Leave to File an Amended Complaint [ECF Nos. 16 & 19] are **DENIED**.

Dated this 5th day of June, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE