# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ANNDELL R. LAWRENCE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-102 SNLJ |
| ) | |
| LARESHA REED, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on self-represented Plaintiff Anndell Lawrence, Jr.'s "Motion to Reopen Matter and Motion to Proceed *In Forma Pauperis Status* on the Filing of His Second Amended Complaint."  ECF No. 21.  This case was dismissed under 28 U.S.C. § 1915(e)(2)(B) on February 14, 2023, after the Court gave the Plaintiff an opportunity to file an Amended Complaint to cure his initial pleading deficiencies.  ECF Nos. 13-14.  Following dismissal, Plaintiff filed two motions for leave to amend.  ECF Nos. 16 & 19.  In a lengthy Memorandum and Order, the Court discussed the futility of reopening the case and granting Plaintiff leave to amend because his proposed Second Amended Complaint did not state a claim upon which relief could be granted.  ECF No. 20.  Now, one year after this case was initially dismissed, Plaintiff again seeks to reopen this matter.  *See* ECF No. 21-1 (signed Feb. 14, 2024). His motion states no reason why the Court should reopen the matter but he attaches a proposed Second Amended Complaint.  *Id.*

Plaintiff provides no legal standard or rule under which he seeks reopening of this matter. Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party ... from a final judgment, order, or proceeding for" reasons including:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

However, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After careful consideration, the Court will deny reopening of this matter. Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reopening of the Court's judgment. Plaintiff's proposed Second Amended Complaint appears to provide additional factual background information, but there is no showing of exceptional circumstances justifying extraordinary relief. The Court finds no grounds for granting relief under Rule 60(b) and declines to provide Plaintiff with relief from final judgment in this matter. Plaintiff's motion will be denied.

Finally, although the Court is denying Plaintiff's request to reopen and amend this § 1983 action that was closed a year ago, there is nothing preventing Plaintiff from filing a new § 1983 action in the district court based on his amended claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Case [ECF No. 21] is **DENIED**.

Dated this 29th day of February, 2024.

                                                STEPHEN N. LIMBAUGH, JR.
                                                SENIOR UNITED STATES DISTRICT JUDGE